UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BETTY L. GONZALEZ, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-09-CA-590-XR |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| **Defendant.** | § | |

ORDER

On this date, the Court considered Plaintiff Betty L. Gonzalez's appeal from the final administrative decision of the Commissioner of Social Security denying her claim for Social Security Disability Insurance Benefits and Supplemental Security Income pursuant to the Social Security Act.

**I. Factual and Administrative Background**

Betty Gonzalez was born in 1952 in San Antonio, Texas.  SSA record, p. 24.  She has an eighth-grade education, is twice divorced, and has eight children.  SSA record, pp. 24, 34, 205.  Her past relevant work experience consists of a job as a maintenance helper with the San Antonio Housing Authority from 1997 through 2001.  Gonzalez is 5'6" and weighs approximately 267 pounds.  She has a history of depression, back pain, and sleep apnea.

On December 14, 2006, Gonzalez filed applications for disability insurance benefits and supplemental security income, alleging mental and physical disabilities including ADHD, depression, headaches, sleep apnea, incontinence, and high cholesterol, and listing April 5, 2005 as

her date of onset.  SSA record, pp. 44, 182.  The Plaintiff's claims were denied by Notice dated

March 22, 2007, and again by Notice of Reconsideration dated July 13, 2007.  SSA record, pp. 50,

68.  On August 16, 2007, Gonzalez requested a hearing before an administrative law judge (ALJ).

SSA record, p. 73.  An ALJ conducted a hearing on August 28, 2008. The Plaintiff appeared at the

hearing with her attorney and testified.  SSA record, pp. 20-42.  The ALJ called Billy Brown to

appear as a vocational expert, but he did not testify.  SSA record, p. 22.

On October 9, 2008, after reviewing the evidence and hearing testimony, the ALJ found that

the Plaintiff was not disabled because she was capable of performing her past relevant work as a

maintenance helper.  SSA record, pp. 18-19.  On October 28, 2008, Gonzalez requested a review

of the ALJ's decision, and the Appeals Council denied her request for review in a letter dated April

23, 2009.  SSA record, pp. 2-4.  Thus, the ALJ's determination became the final decision of the

Commissioner.  The Plaintiff filed this action on December 11, 2009, seeking review of the

Commissioner's decision.

## II. Entitlement to Benefits

Every individual who is insured for disability benefits, has not reached retirement age, meets

certain income and resource requirements, has filed an application for benefits, and is under a

disability, is eligible to receive disability insurance benefits.  42 U.S.C. § 423(a)(1).  Every aged,

blind, or disabled individual who meets certain income and resource requirements, has filed an

application for benefits, and is under a disability, is eligible to receive supplemental security income.

42 U.S.C. § 1382(a)(1) & (2).  The term "disabled" or "disability" means the inability to "engage

in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last

2

for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be disabled only if his or her physical or mental impairment or impairments are so severe that he or she is unable to not only do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the immediate area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work.

### III. Standard of Review

In reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from reweighing the evidence

3

or substituting its judgment for that of the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Villa*, 895 F.2d at 1021 (the court is not to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner). Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve. *Martinez*, 64 F.3d at 174. Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience. *Id*.

### IV. Sequential Disability Evaluation Process and Burden of Proof

Regulations set forth by the Commissioner prescribe that disability claims are to be evaluated according to a five-step process. 20 C.F.R. §§ 404.1520, 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The first step involves determining whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520, 416.920. If so, the claimant will be found not disabled regardless of her medical condition or her age, education, or work experience. *Id*. The second step involves determining whether the claimant's impairment is severe. *Id*. If a claimant does not have a severe medically determinable physical or mental impairment or combination of impairments that meets the duration requirement, the claimant is deemed not disabled. *Id*.

When the ALJ evaluates the severity of mental impairments, he must follow a "special technique" outlined in § 404.1520a. Under this special technique, the ALJ must first evaluate the claimant's pertinent symptoms, signs, and laboratory findings to determine whether the claimant has

4

a medically determinable mental impairment. If the ALJ determines that the claimant has a medically determinable medical impairment, the ALJ must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment and document the findings. The ALJ must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of section 404.1520a and record the findings. The Commission has identified four broad functional areas in which it will rate the degree of a claimant's functional limitations: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decompensation. After rating the degree of functional limitation resulting from the impairment(s), the ALJ determines the severity of the mental impairment(s).

In the third step, the Commissioner compares the severe impairment with those on a list of specific impairments. *Id*. If it meets or equals a listed impairment, the claimant is deemed disabled without considering his or her age, education, or work experience. *Id*. If the impairment is not on the list, the Commissioner determines the claimant's residual functional capacity ("RFC"). In the fourth step, the Commissioner evaluates the Plaintiff's RFC and the demands of the claimant's past work. *Id*. If the claimant is still able to do his or her past work, the claimant is not disabled. *Id*. If the claimant cannot perform his or her past work, the Commissioner moves to the fifth and final step of evaluating the claimant's ability, given his or her residual capacities, age, education, and work experience, to do other work. *Id*. If the claimant cannot do other work, he or she will be found disabled. *Id*.

The claimant bears the burden of proof at the first four steps of the sequential analysis. *Leggett*, 67 F.3d at 564. Once the claimant has shown that he or she is unable to perform his or her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful

5

employment available that the claimant is not only physically able to perform, but also, taking into account her exertional and nonexertional limitations, able to maintain for a significant period of time. *Watson  v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002).  If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that he or she is unable to perform the alternative work. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

## V. Findings and Conclusions of the ALJ

In the instant case, the ALJ reached his decision at step four of the evaluation process.  SSA record, pp. 18-19.  At step one, the ALJ determined that Gonzalez had not engaged in substantial gainful activity since her alleged onset date.  SSA record, p. 13.  At step two, the ALJ determined that Plaintiff has the following severe physical and mental impairments: obesity, sleep apnea, migraine headaches, disorder of the spine, and depressive disorder.  SSA record, pp. 13-14. Applying the special technique for mental impairments, the ALJ found that Plaintiff has no restriction in activities of daily living, no difficulties in social functioning, moderate difficulties with concentration, persistence, or pace, and no episodes of decompensation.  SSA record, pp. 14-15. At step three, the ALJ found that Gonzalez "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  SSA record, p. 14.  The ALJ then assessed the Plaintiff's RFC.  SSA record, pp. 16-18.  At step four, the ALJ found that Gonzalez "is capable of performing her past relevant work as a maintenance worker," and concluded that Gonzalez is not disabled as defined in the Social Security Act.  SSA record, pp. 18-19.

## VI. Plaintiff's Allegations of Error

Gonzalez claims that the ALJ erred in determining that she was not under a disability as defined by the Social Security Act through the date of the decision, and therefore, not eligible for benefits.  In particular, Gonzalez contends that the ALJ failed to apply the appropriate legal standard in finding that Gonzalez can perform her past relevant work.  Specifically, the Plaintiff argues that the ALJ erred by: (1) failing to make a factual finding as to the mental demands of the Plaintiff's past work, and (2) failing to make a factual finding as to whether the Plaintiff retains the ability to meet the mental demands of her past work.

## A. Did the ALJ fail to evaluate the mental demands of Gonzalez's past work and compare Plaintiff's RFC to those demands?

Gonzalez claims that the ALJ failed to make a factual determination as to the mental demands of her past work as a maintenance worker helper.  Plaintiff maintains that the ALJ failed to explore the mental requirements of her past work, in spite of the ALJ's finding that the Plaintiff suffered from severe depression.  Gonzalez asserts that the ALJ failed to meet the standards set out in *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994), for determining whether a disability applicant can return to his or her past relevant work.

According to Social Security Ruling 82-62, which sets forth the Commissioner's policy and procedures for determining a claimant's capacity to do past relevant work:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity, (2) a finding of fact as to the physical and mental demands of the past job/occupation, and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4 (S.S.A. 1982).

When an applicant's claim involves exertional impairments, the ALJ must determine the applicant's ability to carry out certain physical activities (sit, stand, walk, lift, carry). *Id.* at *2. However, "for a claim involving a mental [or] emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety" (speed, precision, complexity of tasks, independent judgment, working with other people), so that the ALJ may determine whether the applicant's mental impairment will interfere with his or her ability to work. *Id.* at *3.

Because the ALJ's decision at step four of the disability evaluation process has such "far-reaching implications" for the applicant, the Social Security Rulings mandate that the "decision as to whether the claimant retains the functional capacity to perform past work . . . must be developed and explained fully in the disability decision." *Id.* at *3. The record must contain detailed information about the exertional and non-exertional demands of a job. *Id.* This information may be provided by the claimant, employer, or other informed source. *Id.* "[E]very effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.*

In the present case, the ALJ erred by not making a factual determination as to the mental demands of Gonzalez's past work. At step two of the evaluation process, the ALJ determined that Gonzalez's severe impairments included: obesity, sleep apnea, migraine headaches, disorder of the spine, and depressive disorder. SSA record, pp. 13-14. At step three of the evaluation process, the ALJ concluded that the Plaintiff had the residual functional capacity to:

> [L]ift no more than 50 pounds occasionally and 25 pounds frequently, and she can sit, stand, or walk for 6 hours out of an 8 hour day with normal breaks. The claimant also has moderate limitations in her ability to understand, remember, and carry out detailed instructions, moderate limitations in her ability to maintain attention and concentration for extended periods, and moderate limitations in her ability to complete a

> normal work day and work week without interruptions from
> psychologically based symptoms, and to perform at a consistent pace
> without an unreasonable number and length of rest periods.

SSA record, p. 16.  However, the record is silent concerning the mental requirements of Gonzalez's

past work as a maintenance worker helper.  On the Form SSA-3368 Disability Report, Gonzalez

listed the daily physical requirements of her job as a maintenance worker, which included: walking

for 4 hours, standing for 4 hours, climbing, stooping, kneeling, crouching, and crawling for 0.5

hours, handling big objects for 8 hours, reaching for 8 hours, and writing, typing, and handling small

objects for 8 hours.  SSA record, p. 118.  The Plaintiff also specified the amount of weight she

would lift as a maintenance worker.  SSA record, p. 119.  These are all exertional requirements of

Gonzalez's job as a maintenance worker.  Although Plaintiff indicated on the Form SSA-3368 that

she did not supervise other people and was not a lead worker, this is not sufficient to establish the

mental demands of her job as a maintenance worker as required by SSA 82-62.

Further, the transcript of Plaintiff's administrative hearing also lacks any mention of the

mental demands of her past work.  To illustrate, an excerpt from the hearing appears below.

ALJ:        You've worked in maintenance from '97 to 2001?

Gonzalez:   Yes. Yes, sir.

ALJ:        What kind of maintenance was that?

Gonzalez:   I would work under a crew of craftsmen to help assist as a helper, to
            do cleanup and, oh, it would include painting and just assist in
            helping them.

. . .

ALJ:        In that work did you have to lift heavy things?

| | |
|---|---|
| Gonzalez: | Yes, sir.  Yes, sir. |
| ALJ: | Sometimes more than 20 pounds? |
| Gonzalez: | Yes, sir. |

Again, there is no discussion of the mental demands of Gonzalez's past work.  During the hearing, the ALJ only broached the subject of the physical requirements of the Plaintiff's past work.  The ALJ did not "obtain a precise description of [Gonzalez's] particular job duties which are likely to produce tension and anxiety."  SSR 82-62, 1982 WL 31386, at *2.

Although the claimant bears the burden of proof at this step of the process, and is the primary source for vocational documentation, the ALJ "has a duty to fully develop the facts, or else the decision is not supported by substantial evidence."  *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); SSR 82-62, 1982 WL 31386, at *3. SSR 82-62 provides that "[a]ny case requiring consideration of PRW [past relevant work] will contain enough information on past work to permit a decision as to the individual's ability to return to such past work."  The ALJ found that Gonzalez suffered from a severe mental impairment and included nonexertional limitations when determining her RFC.  However, the ALJ did not take the next step prescribed by Social Security Ruling 82-62, which is to make a finding of fact as to the mental demands of Gonzalez's past work, nor did he develop the record sufficiently to make such a finding.  SSA 82-62, 1982 WL 31386, at *4.  The ALJ was obligated to make such a finding since he had previously concluded that the Plaintiff suffered from a severe mental impairment, but he failed to do so.

Further, because the ALJ failed to make a fact finding regarding the mental demands of Plaintiff's past work, he could not make the required comparison between Plaintiff's nonexertional RFC and the mental demands of her past work.  Pursuant to the SSA regulations, when determining

whether an applicant can return to his or her past work, an ALJ "must directly compare the applicant's remaining functional capacities with the physical and mental demands of his or her previous work." *Latham*, 36 F.3d at 484 (citing 20 C.F.R. § 404.1520(e) (1994)).  In *Latham*, the ALJ determined that the claimant had the RFC for light and medium work, and could therefore engage in his past occupation as a sales manager and sales person. 36 F.3d at 484.  The Fifth Circuit stated that the descriptors "light" and "medium" were generic categories, and they only referred to the plaintiff's exertional requirements of the plaintiff's past employment, while making no mention of the plaintiff's mental and emotional impairments or how these impairments prevented the plaintiff from "returning to his previous people-oriented employment."  *Id.*  Though the Fifth Circuit remanded on other grounds, the Fifth Circuit also instructed the ALJ to consider the mental demands of the plaintiff's past work, noting that the ALJ determined that the plaintiff suffered from "anxiety, depression, and deficiencies in concentration and social functioning," but failed to address how these impairments would not prevent the plaintiff from returning to his past occupation.  *Id.*  The court further instructed that, on remand, the ALJ was to "make clear factual findings on that issue" by relying on more than generic classifications of the plaintiff's previous job.  *Id.*

Similarly, in *Morris v. Barnhart*, SA-05-CA-1019-XR/NN, 2007 WL 496851, at *7 (W.D. Tex. Feb. 7, 2007), this Court stated that "[w]here the ALJ finds that a mental impairment is 'severe,' the mental RFC must specifically describe how these impairments do not prevent the claimant from continuing their previous employment."  This can only be accomplished by first determining the mental demands of the claimant's past work.  In *Morris*, this Court concluded that because the ALJ failed to properly assess the plaintiff's mental RFC, the ALJ was subsequently unable to compare the plaintiff's mental capacity to the demands of her previous work, and

11

remanded the case on this issue. *Id*. Although not identical, the present case is similar to *Morris* in that the ALJ failed to make a factual determination as to the mental demands of Gonzalez's past work and was ultimately unable to properly compare Gonzalez's mental capacity to the mental demands of her job as a maintenance worker helper.

Social Security Regulations, Rulings, and the case law require an ALJ to make a factual determination as to the mental demands of the claimant's past work and then determine whether the claimant has the mental capacities to return to such work. The ALJ made no such findings. Rather, despite finding that the plaintiff's "mental and physical impairments would reasonably cause her to have some work-based functional limitations," the ALJ erred by not making a direct comparison between Gonzalez's remaining mental abilities and the mental demands of her past work. In his decision, the ALJ states that "[t]he claimant is capable of performing her past relevant work as a maintenance worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." SSA record, p. 18.

Despite finding that the plaintiff had severe depression with accompanying limitations in mental functioning, the ALJ never explained how these limitations do not prevent the plaintiff from returning to her past employment. The ALJ never questioned the Plaintiff regarding the mental demands and psychological stresses of her past work, and the ALJ does not refer to any other source to evaluate the mental demands of maintenance work. Rather, the ALJ's decision only contains the conclusory statement that Gonzalez is able to meet the physical and mental demands of her past work. Once the ALJ determined that Gonzalez's depression was severe and that she had nonexertional limitations, he should have evaluated the mental demands of her past work and made a comparison between these demands and her mental abilities. Because the ALJ did not determine

12

the mental demands of the Plaintiff's past work, and did not compare these demands to the Plaintiff's mental RFC, the ALJ erred.

## B.  Was the error prejudicial?

As Plaintiff recognizes, the ALJ's error warrants remand only if it prejudiced her.  *Bennett v. Astrue*, Civ. A. No. 3:09-CV890, 2010 WL 308747 (N.D. Tex. Jan. 27, 2010).  Notwithstanding the ALJ's error, plaintiff has failed to demonstrate prejudice because she has failed to demonstrate that the disability determination might have been different had the ALJ made specific findings regarding the mental demands of plaintiff's past work as a maintenance worker helper.

In her brief, the plaintiff refers to the *Dictionary of Occupational Titles* (DOT) and its Reasoning Development levels.  She asserts that DOT describes her past occupation of "Carpenter Helper, Maintenance (construction)" as a semi-skilled occupation with a reasoning development level of 3, meaning the work requires one to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "deal with problems involving several concrete variables in or from standardized situations."  Despite the fact that such information is readily available to her, Plaintiff includes no information about the actual mental demands of her past work as she performed it.

If the case were remanded, the DOT would not control a determination of the mental demands of the plaintiff's past work.  SSR 82-62, 1982 WL 31386, at *3.  Rather, the ALJ can (and should) obtain this information from the plaintiff, her employer, or any other informed party.  *Id*. ("This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.").  The DOT is only a supplementary source or corroborative source for such information.  SSR 82-62 provides that:

13

> Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

Plaintiff does not state that any past work requirements can no longer be met due to Plaintiff's current mental impairments, nor has she pointed to any medical evidence establishing how her impairment limits the ability to meet the mental requirements of her past work.  Further, the record indicates that Gonzalez has suffered from mental impairments since she was a child and that these problems existed throughout her employment.   SSA Record, pp. 39-40.   During a mental examination with Dr. Lewis H. Richmond, M.D., the plaintiff reported that she had "always had trouble with concentration and focusing," yet the plaintiff was able to maintain her job as a maintenance worker for four years.  SSA Record, pp. 118, 205.  Further, as noted by Defendant, there is no evidence that Plaintiff stopped work due to her mental limitations.

The Court finds that Plaintiff has failed to demonstrate prejudice such that remand would be warranted.

### VII. Conclusion

For the foregoing reasons, the Commissioner's decision denying benefits is AFFIRMED.

SIGNED this 14th day of July, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE\